1   **BLUMENTHAL & NORDREHAUG**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
    **UNITED EMPLOYEES LAW GROUP**
6      Walter Haines (State Bar #71705)
7   65 Pine Ave, #312
    Long Beach, CA 90802
    Telephone: (562) 256-1047
8   Facsimile: (562) 256-1006

9                **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

    FILED
    08 MAY 28 PM 1:35
    CLERK, U.S. DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
    BY: ___ DEPUTY

    ORIGINAL

    '08 CV 0945 J RBB

11   JOHN SONES, on behalf of himself, and on      CASE No._____
     behalf of all persons similarly situated,
12                                                  **CLASS AND COLLECTIVE ACTION
13                                                  COMPLAINT FOR:**
                      Plaintiffs,
14                                                  1. FAILURE TO PAY COMPENSATION IN
     vs.                                            VIOLATION OF 29 U.S.C. § 201, *et seq.*;
15
     DOWNEY SAVINGS AND LOAN ASSN,                  2. FAILURE TO PAY WAGES IN
16   F.A.; and Does 1 to 10,                        VIOLATION OF CAL. LAB. CODE §§ 510,
                                                    515, 551, 552, 1182, 1194, 1197 AND 1198,
17                                                  *et seq.*;

18                    Defendants.                   3. FAILURE TO PROVIDE WAGES WHEN
                                                    DUE IN VIOLATION OF CAL. LAB. CODE
19                                                  § 203;

20                                                  4. FAILURE TO PROVIDE ACCURATE
                                                    ITEMIZED STATEMENTS IN VIOLATION
21                                                  OF CAL. LAB. CODE § 226;

22                                                  5. FAILURE TO PROVIDE MEAL AND
                                                    REST PERIODS IN VIOLATION OF CAL.
23                                                  LAB. CODE § 226.7 AND 512;

24                                                  6. FAILURE TO INDEMNIFY IN
                                                    VIOLATION OF CAL. LAB. CODE § 2802;
25                                                  and,

26                                                  7. UNFAIR COMPETITION IN
                                                    VIOLATION OF CAL. BUS. & PROF.
27                                                  CODE § 17200, *et seq.*

28                                                  DEMAND FOR A JURY TRIAL

                                      1

1    Plaintiff John Sones alleges on information and belief, except for his own acts and

2  knowledge, the following:

### NATURE OF THE ACTION

4    1.    Plaintiff John Sones ("PLAINTIFF") brings this class action on behalf of

5  himself and a California class consisting of all individuals who are or previously were employed by

6  Defendant Downey Savings and Loan Assn, F.A. and/or Does 1 to 10, (hereinafter collectively

7  referred to as "DEFENDANTS") as loan officers in California during the Class Period as hereinafter

8  defined (the "CLASS").

9    2.    Individuals in this position of loan officer with DEFENDANTS are and were

10  employees entitled to be classified as non-exempt, entitled to be paid at least minimum wage,

11  entitled to regular and overtime compensation, entitled to be provided with meal and rest breaks,

12  entitled to reimbursement for out-of-pocket expenses spent in discharge of services for the

13  employer's benefit, and entitled to prompt payment of all amounts due and unpaid owing upon

14  leaving employment.

15    3.    Although DEFENDANTS require their employees employed as loan officers to work

16  more than eight (8) hours a day, more than forty (40) hours a week, and work hours on the seventh

17  (7th) consecutive day of a work week, as a matter of policy and practice, DEFENDANTS

18  consistently and uniformly failed to properly classify these employees, and through such practice,

19  failed to record and pay such employees for hours worked, denying them the compensation that the

20  law requires.

21    4.    PLAINTIFF, on behalf of himself and the CLASS of loan officers similarly situated,

22  seeks to have all such employees reclassified and recover all the compensation that DEFENDANTS

23  were required by law to provide, but failed to provide, to PLAINTIFF and all other CLASS

24  members, including but not limited to minimum wage for hours worked, regular and overtime

25  compensation for hours worked, compensation for missed meal and rest breaks, reimbursement for

26  out of pocket expenses, compensation for amounts not paid upon leaving employment and such

27  other and further compensation, penalties, and interest as shall be determined.

28

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to 28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because DOWNEY SAVINGS AND LOAN ASSN, F.A. (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the CLASS in San Diego County, California.

## PARTIES

7.     Plaintiff John Sones was employed by DEFENDANTS from on or about November 6, 2007 to February 5, 2008, in the state of California.

8.     DEFENDANTS conducted and continue to conduct substantial and regular business in San Diego County, California, and throughout California. DEFENDANTS also conduct business throughout the United States and are an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

9.     The Defendants named in this Complaint, and Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendant and each Defendant was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendant. Consequently, all the DEFENDANTS are jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

## COLLECTIVE ACTION UNDER THE FLSA

10.     PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANTS in California as loan officers or in other substantially similar

1  positions, at any time within the applicable statute of limitations period (the "COLLECTIVE

2  CLASS PERIOD"), who have been misclassified as exempt from compensation for all hours

3  worked (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by

4  the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD

5  should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or

6  not they were paid by commission, by salary, or by part commission and part salary.

7         11.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not

8  limited to the following, include:

9         a.     Whether DEFENDANTS misclassified PLAINTIFF and members of the

10               COLLECTIVE CLASS as exempt from receiving compensation for all hours

11               worked, including federal minimum wage compensation and overtime compensation;

12        b.     Whether DEFENDANTS failed to adequately compensate the members

13               of the COLLECTIVE CLASS for all hours worked as required by the FLSA,

14               including the time worked through their meal periods;

15        c.     Whether DEFENDANTS should be enjoined from continuing the practices which

16               violate the FLSA; and,

17        d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

18        12.     The first cause of action for the violations of the FLSA may be brought and

19  maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for

20  all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the

21  claims of the PLAINTIFF are similar to the claims of the members of the prospective

22  COLLECTIVE CLASS.

23        13.     PLAINTIFF John Sones and the COLLECTIVE CLASS are similarly situated,

24  have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

25  common and uniform policy and practice of misclassifying their employees, failing to pay for all

26  actual time worked and wages earned, and failing to accurately record all hours worked by these

27  employees in violation of the FLSA and the Regulations implementing the Act as enacted by the

28  Secretary of Labor (the "REGULATIONS").

**CLASS ACTION ALLEGATIONS**

14.    PLAINTIFF John Sones brings this action on behalf of himself in his individual capacity and also on behalf of a California Class of all employees of DEFENDANTS in California who were, are, or will be employed as loan officers or in other substantially similar positions, who were misclassified as exempt from receiving compensation for all hours worked during the period commencing on the date four years prior to the filing of this complaint and ending on the class period cutoff date (the "CALIFORNIA CLASS PERIOD"). This class is hereinafter referred to as the "CALIFORNIA CLASS." The CALIFORNIA CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

15.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from receiving compensation for all hours worked and other labor laws in order to avoid the payment of wages due for hours worked by misclassifying their positions as commissioned sales employees. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

16.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of the California Labor Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS all wages and compensation due for all hours worked in a work week.

(b)    Violating California law, including Cal. Labor Code § 204, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS pay for all work hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

(c)    Violating Cal. Lab. Code §§ 1194 and 1197, the California Wage Order 4-

2001 (the "Wage Order"), California Code of Regulations § 11040(4), and the applicable California Minimum Wage Orders by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS at least the applicable minimum wage rate for each year of the CALIFORNIA CLASS PERIOD.

(d)    Violating the Wage Order and California Code of Regulations § 11040 by misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as exempt commissioned sales persons and failing to provide overtime compensation for all hours worked excess of eight (8) hours in a day, forty (40) in a week, or for hours worked on the seventh (7th) consecutive workday day.

(e)    Violating Cal. Lab. Code § 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the PLAINTIFF and the members of the CALIFORNIA CLASS who have terminated their employment. Thus, DEFENDANTS are liable for such wages for a period of thirty (30) days following the termination of such employment.

(f)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the total hours worked by the employee.

(g)    Violating the Wage Order and California Code of Regulations § 11040, subsection 7, by failing to maintain accurate records of time and hours worked in the payroll period and failing to make such information available to employees.

(h)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders implementing the Code, by failing to provide PLAINTIFF and the members

6

1    of the CALIFORNIA CLASS with meal periods and are thus liable for

2    premium pay of one hour for each workday such meal periods were denied.

3    (i)    Violating Cal. Lab. Code § 2802 by failing to indemnify and reimburse

4    PLAINTIFF, and all the members of the CALIFORNIA CLASS for all

5    expenses incurred in direct consequence of the discharge of their duties

6    17.    This Class Action meets the statutory prerequisites for the maintenance of a Class

7    Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

8    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that

9    the joinder of all such persons is impracticable and the disposition of their

10    claims as a class will benefit the parties and the Court;

11    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

12    are raised in this Complaint are common to the CALIFORNIA CLASS and

13    will apply uniformly to every member of the CALIFORNIA CLASS;

14    (c)    The claims of the representative PLAINTIFF are typical of the claims of each

15    member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members

16    of the CALIFORNIA CLASS, was systematically misclassified as exempt

17    from receiving compensation for all hours worked and sustained economic

18    injuries arising from DEFENDANTS' violations of the laws of California.

19    PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or

20    identically harmed by the same unlawful, deceptive, unfair and pervasive

21    pattern of misconduct engaged in by the DEFENDANTS of systematically

22    misclassifying as exempt all loan officers from receiving compensation for all

23    hours worked.

24    (d)    The representative PLAINTIFF will fairly and adequately represent and

25    protect the interest of the CALIFORNIA CLASS, and has retained counsel

26    who are competent and experienced in Class Action litigation.  There are no

27    material conflicts between the claims of the representative PLAINTIFF and

28    the members of the CALIFORNIA CLASS that would make class

7

1      certification inappropriate. Counsel for the CALIFORNIA CLASS will

2      vigorously assert the claims of all Class Members.

3      18.    In addition to meeting the statutory prerequisites to a Class Action, this action is

4      properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

5      (a)    Without class certification and determination of declaratory, injunctive,

6             statutory and other legal questions within the class format, prosecution of

7             separate actions by individual members of the CALIFORNIA CLASS will

8             create the risk of:

9             1)     Inconsistent or varying adjudications with respect to individual

10                   members of the CALIFORNIA CLASS which would establish

11                   incompatible standards of conduct for the parties opposing the

12                   CALIFORNIA CLASS; or,

13            2)     Adjudication with respect to individual members of the

14                   CALIFORNIA CLASS which would as a practical matter be

15                   dispositive of interests of the other members not party to the

16                   adjudication or substantially impair or impede their ability to protect

17                   their interests.

18     (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

19            generally applicable to the CALIFORNIA CLASS, making appropriate class-

20            wide relief with respect to the CALIFORNIA CLASS as a whole in that the

21            DEFENDANTS systematically misclassified all loan officers as exempt from

22            receiving compensation for all hours worked;

23     (c)    Common questions of law and fact exist as to the members of the

24            CALIFORNIA CLASS and predominate over any question affecting only

25            individual members, and a Class Action is superior to other available

26            methods for the fair and efficient adjudication of the controversy, including

27            consideration of:

28            1)     The interests of the members of the CALIFORNIA CLASS in

8

COMPLAINT

individually controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a Class Action; and,

5)    The basis of DEFENDANTS misclassifying PLAINTIFF and the CALIFORNIA CLASS as exempt from receiving overtime compensation.

19.    This Court should permit this action to be maintained as a Class Action pursuant to F.R.C.P. 23 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

9

(f)    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole; and

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of the DEFENDANTS. The CALIFORNIA CLASS consists of all of DEFENDANTS' employees employed as loan officers in California who were classified as exempt from receiving wages for all hours worked. DEFENDANTS, as a matter of law, has the burden of proving the basis for the exemption as to each and every loan officer so classified. To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any loan officer, DEFENDANTS are estopped, as a matter of law, to assert the existence of the exemption.

## **GENERAL ALLEGATIONS**

20.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job or compensation paid, systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from receiving wages for all hours worked. This practice of DEFENDANTS was intended to purposefully avoid the payment of earned wages by misclassifying the PLAINTIFF and other loan

10

1    officers similarly situated as exempt, commissioned sales people, regardless of whether wages

2    should have been paid and regardless of whether actual "commissions" were in fact paid to the

3    CLASS. To the extent equitable tolling operates to toll claims by the CLASS against

4    DEFENDANTS, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the

5    "CLASS PERIODS") should be adjusted accordingly.

6        21.    DEFENDANTS have intentionally and deliberately created numerous job levels and

7    a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

8    fact, these jobs are substantially similar and can be easily grouped together for the purpose of

9    determining whether they are entitled to wages for hours worked and whether DEFENDANTS were

10   required to maintain accurate time and hour records. Indeed, one of DEFENDANTS' purposes in

11   creating and maintaining this multi-level job classification scheme is to create a roadblock to

12   discovery and class certification for all employees similarly misclassified as exempt.

13   DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

14   wages and other benefits to which they are entitled in order to unfairly cheat the competition and

15   unlawfully profit.

16       22.    DEFENDANTS maintain records from which the Court can ascertain and identify

17   each of DEFENDANTS' employees who as CLASS members, have been systematically,

18   intentionally and uniformly misclassified as exempt from receiving wages for all hours worked as a

19   matter of DEFENDANTS' corporate policy, practice and procedure. To the extent DEFENDANTS'

20   have assigned job titles other than "loan officer" to employees subjected to the practices herein

21   alleged, PLAINTIFF will seek leave to amend the complaint to include any additional job titles

22   when they have been identified.

23       23.    DEFENDANTS have intentionally and deliberately created a variety of pay

24   structures to create the superficial appearance of unique payment plans, when in fact, these payment

25   plans were all effectuated and applied across the board to all employees at certain times during the

26   CLASS PERIOD. One of DEFENDANTS' purposes in creating and maintaining different payment

27   schemes throughout the CLASS PERIOD is to create a roadblock to discovery and class

28   certification for all employees similarly misclassified as exempt.  PLAINTIFF and the other

11

1  members of the CLASS were all similarly subjected to each payment plan when such plans were put

2  in place by DEFENDANTS.  These employees can be easily grouped together for the purpose of

3  analyzing whether each payment plan deprived the PLAINTIFF and members of the CLASS of

4  wages and rights to which these employees were entitled receive because DEFENDANTS uniformly

5  subjected PLAINTIFF and the CLASS members to each payment plan, for each period that each

6  plan was in effect, thereby denying PLAINTIFF and the members of the CLASS wages and rights to

7  which they are entitled, in order to unfairly cheat the competition and unlawfully profit.

8      24.    DEFENDANTS maintain records from which the Court can ascertain and identify

9  each of DEFENDANTS' pay structures that systematically, intentionally and uniformly deprived

10  PLAINTIFF and the members of the CLASS from receiving wages for all hours worked as a matter

11  of DEFENDANTS' corporate policy, practice and procedure.  PLAINTIFF will seek leave to

12  amend the complaint to detail these pay structures, whether such pay structures were comprised of

13  pay by commission, by salary, or by part commission and part salary.

14

15              **THE CONDUCT**

16      25.    PLAINTIFF John Sones was hired by DEFENDANTS and placed initially placed

17  into the job title of "loan officer," in one of DEFENDANTS' offices in the state of California.  The

18  job title was described to the PLAINTIFF as a full-time position, wherein the performance of certain

19  duties would entitle PLAINTIFF to commissions.  PLAINTIFF functioned as a working member on

20  the production side of the mortgage business for DEFENDANTS.  The job duties of PLAINTIFF

21  and the other members of the CLASS are to deliver loan applications, market DEFENDANTS'

22  loans according to established procedures, prepare loan documentation and applications, write loans

23  according to DEFENDANTS guidelines, process DEFENDANTS' mailers, and make calls from

24  DEFENDANTS' offices.  A mortgage loan is the product that DEFENDANTS deliver to the

25  customers.  The PLAINTIFF and other members of the CLASS prepare loan documentation and

26  applications for submission based on rigidly defined parameters established by DEFENDANTS.

27  Effectively, the members of the CLASS act simply as clerks, delivering loan applications and

28  preparing the loan applications based upon DEFENDANTS' criteria so as to qualify the product as a

COMPLAINT

1   loan. In delivering and preparing loan applications, the members of the CLASS are endowed with

2   no authority to change any of DEFENDANTS' product criteria. Like any clerk, the members of the

3   CLASS can only follow the criteria established by the DEFENDANTS in a routine, automatic

4   manner that is devoid of any independent judgment or discretion. In addition, as part of his

5   employment with DEFENDANTS, PLAINTIFF was required to use his cell-phone and automobile

6   to conduct business. DEFENDANTS, however, refused to reimburse PLAINTIFF for the cell-

7   phone expense and automobile expense expended in direct consequence of the discharge of

8   PLAINTIFF'S duties for DEFENDANTS.

9       26.    In performing these routine tasks for DEFENDANTS at DEFENDANTS' offices, the

10  members of the CLASS have worked and continue to work for DEFENDANTS without being paid

11  the requisite minimum or overtime wages for all hours worked. As a result of these rigorous

12  demands, PLAINTIFF and other similarly situated employees were also often unable to take

13  uninterrupted meal and/or rest breaks due to the press of DEFENDANTS' business. During the

14  Class Period, PLAINTIFF, and the members of the CLASS worked and/or still work on the

15  production side of the DEFENDANTS' business, but are nevertheless misclassified as exempt.

16      27.    Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

17  work of a type that was or now is directly related to the DEFENDANTS' management policies or

18  general business operations, when giving these words a fair but narrow construction. Neither the

19  PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

20  now is performed at the level of the policy or management of the DEFENDANTS. To the contrary,

21  the work of DEFENDANTS' loan officers is work wherein PLAINTIFF and the members of the

22  CLASS are primarily engaged in the day to day business operations of the DEFENDANTS, to

23  mechanically deliver completed loan applications in accordance with the established criteria of the

24  management policies and general business operations established by DEFENDANTS' management.

25  In this way, the work of PLAINTIFF and the members of the CLASS is focused solely on the

26  mechanical routine of obtaining and submitted the loan documentation pursuant to

27  DEFENDANTS' established criteria. A loan officer's work in obtaining and preparing loan

28  applications does not permit judgment or discretion that is independent, as this work is performed

13

COMPLAINT

1  according to DEFENDANTS' established criteria and procedures.

2      28.    Considerations such as (a) DEFENDANTS' realistic expectations for the job titled

3  loan officer, on the production side of the DEFENDANTS' business enterprise, and (b) the actual

4  overall requirements of the job titled loan officer, are susceptible to common proof. The fact that

5  their work and those of other similarly situated employees involved, on occasion, a bonus or a draw

6  on commission does not mean that the PLAINTIFF and other members of the CLASS are exempt

7  from receiving minimum or overtime wages for all hours worked. The work that PLAINTIFF and

8  other members of the CLASS were and are primarily engaged in performing day to day activities is

9  the work that is required to be performed as part of the day to day business of DEFENDANTS of

10  obtaining and preparing loan applications. As a result, PLAINTIFF and the other members of the

11  CLASS were and still are primarily engaged in work that falls squarely on the production side of the

12  administrative/production worker dichotomy.

13      29.    DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

14  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job

15  title and without regard to DEFENDANTS' realistic expectations, the actual overall requirements of

16  the job, the hours worked or the pay received by the employee. Consequently, PLAINTIFF and the

17  other members of the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and

18  systematically exempted by DEFENDANTS from payment of wages due for hours worked during

19  the CLASS PERIOD. DEFENDANTS also had a written company policy whereby DEFENDANTS

20  would reduce or eliminate an employee's earned compensation at the DEFENDANTS' discretion, in

21  violation of Cal. Labor Code § 221, Cal. Code of Regulations, Title 8, § 11040, and the applicable

22  Wage Order.

23      30.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

24  exemptions from the requirement that an overtime rate of compensation be paid pursuant to

25  Sections 510 and 511 for executive, administrative, and professional employees, provided that the

26  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

27  regularly exercises discretion and independent judgment in performing those duties, and earns a

28  monthly salary equivalent to no less than two times the state minimum wage for full-time

1  employment. California Labor Code § 515 and Industrial Welfare Commission Wage Order 4-2001

2  (the "Wage Order") set forth the requirements which must be satisfied in order for an employee to

3  be lawfully classified as exempt from certain provisions of the Wage Order. Although wrongfully

4  classified by DEFENDANTS as exempt from certain requirements of the Wage Order at the time of

5  hire and thereafter, PLAINTIFF, and all other members of the similarly-situated CALIFORNIA

6  CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001 (the "Wage

7  Order"), and Cal. Lab. Code § 515.

8      31.     Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq.*, set

9  forth the requirements which must be satisfied in order for an employee to be lawfully classified as

10  exempt. Although wrongfully classified by DEFENDANTS as exempt at the time of hire and

11  thereafter, PLAINTIFF, and all other members of the similarly-situated COLLECTIVE CLASS, are

12  not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.*

13      32.     Despite the fact that PLAINTIFF, and the other members of the CLASS, regularly

14  worked in excess of eight (8) hours a day and/or forty (40) hours per week and/or on the seventh

15  (7th) consecutive day of a work week, they did not receive minimum wages for the time worked nor

16  overtime wages for the overtime hours worked, and as a result suffered an economic injury.

17      33.     Pursuant to California Labor Code Section 1197, the payment of wages to

18  employees less than the minimum wage established by the Industrial Welfare Commission is

19  unlawful. DEFENDANTS have failed to pay PLAINTIFF and the other members of the

20  CALIFORNIA CLASS wages at the amount established by the Minimum Wage Order, as set forth

21  in Cal. Code of Regulations § 11000. The only employees to whom the applicability of the

22  minimum wage order would not apply are employees who are exempt under the executive,

23  administrative, or professional exemptions. As described above, the duties of PLAINTIFF and the

24  other members of the CLASS do not qualify these employees for any of these exemptions. The only

25  other employees who may be exempt from the minimum wage requirements are "outside sales

26  persons." Neither PLAINTIFF nor any member of the CALIFORNIA CLASS were outside sales

27  persons as defined by the Wage Order because more than half the working day was not spent away

28  from the employer's place of business selling tangible or intangible items or obtaining orders or

15

COMPLAINT

1  contracts for products, services or use of facilities.

2      34.    California Code of Regulations § 11040(3)(A) provides that:

3              The provisions of subsections (A), (B) and (C) [of the Wage Order] above shall not

4              apply to any employee whose earnings exceed one and one-half (1 1/2) times the

5              minimum wage if more than half of that employee's compensation represents

6              commissions.

7  PLAINTIFF and the other members of the CLASS were not paid according to the structure above,

8  and were, therefore, not exempt from the requirement that they be paid overtime.  Further,

9  employees who are paid pursuant to the pay structure outlined by Cal. Code of Regs. § 11040(3)

10  would only be exempt from the provisions of subsections (A), (B) and (C), which govern the

11  payment of overtime.  Nothing in this limited exemption, however, relieves an employer from the

12  obligations of :

13      (i)    California Code of Regulations § 11040(4), which requires employers to pay at least

14          minimum wage;

15      (ii)    California Code of Regulations § 11040(7), which requires employers to provide

16          accurate, itemized statements;

17      (iii)    California Code of Regulations § 11040(11), which requires employers to provide

18          meal periods to employees; or

19      (iv)    California Code of Regulations § 11040(12), which requires employers to provide

20          rest periods to employees.

21      35.    Section 6 of the FLSA sets forth the requirement that employees engaged in

22  commerce, such as PLAINTIFF and the other members of the COLLECTIVE CLASS, shall be paid

23  at the applicable federally established rate of minimum wage.  DEFENDANTS  have violated

24  section 6 of the FLSA by not paying PLAINTIFF and the other members of the COLLECTIVE

25  CLASS at the rates established by section 6 of the FLSA.

26      36.    Pursuant to  29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE

27  CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other

28  members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

1  of the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the

2  lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE

3  CLASS were required to perform duties while eating.

4

5  **FIRST CAUSE OF ACTION**

6  **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

7  **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

8      37.    PLAINTIFF, and the other members of the COLLECTIVE CLASS,

9  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 36

10 of this Complaint.

11     38.    DEFENDANTS are engaged in communication, business, and transmission

12 throughout the United States and are, therefore, engaged in commerce within the meaning of 29

13 U.S.C. § 203(b).

14     39.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

15 violations of the FLSA.

16     40.    The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must

17 be compensated for all hours worked, including all straight time compensation and overtime

18 compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction

19 over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

20     41.    29 U.S.C. § 206 provides that every employer shall pay to each of his

21 employees who in any workweek is engaged in commerce or in the production of goods for

22 commerce, or is employed in an enterprise engaged in commerce or in the production of goods for

23 commerce, wages at the rate of $5.15 per hour during the period of the COLLECTIVE CLASS

24 PERIOD up to July 24, 2007, except that employees under twenty (20) years of wage must be paid

25 at least $4.25 per hour during their first 90 consecutive calendar days of employment with an

26 employer.  For the period from July 24, 2007 to twelve (12) months thereafter, the federal minimum

27 rate for hourly wages was $5.85 per hour.  Beginning July 24, 2008, the federal minimum rate for

28 hourly wages will be $6.55 per hour, until July 24, 2009, when the rate will be $7.25.

1    42.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

2  apply to:

3              any employee employed in a bona fide executive, administrative, or professional

4              capacity (including any employee employed in the capacity of academic

5              administrative personnel or teacher in elementary or secondary schools), or in the

6              capacity of outside salesman (as such terms are defined and delimited from time to

7              time by regulations of the Secretary, subject to the provisions of the Administrative

8              Procedure Act [5 USCS §§ 551 *et seq.*] except [that] an employee of a retail or

9              service establishment shall not be excluded from the definition of employee

10             employed in a bona fide executive or administrative capacity because of the number

11             of hours in his workweek which he devotes to activities not directly or closely related

12             to the performance of executive or administrative activities, if less than 40 per

13             centum of his hours worked in the workweek are devoted to such activities).

14    43.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

15  violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

16  as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

17  expectations and actual overall requirements of the job, including PLAINTIFF and the other

18  members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

19  business enterprise.  This was done in an illegal attempt to avoid payment of minimum wages,

20  overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations

21  requirements.

22    44.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, PLAINTIFF and

23  the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

24  worked, including time working during meal periods, compensation based on wages at a rate not

25  less than the federal minimum wage describe above, and compensation at a rate not less than one

26  and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any

27  workweek.

28    45.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

1  exempt status of an employee. The exempt or nonexempt status of any particular employee must be

2  determined on the basis of whether the employee's salary and duties meet the requirements of the

3  regulations in this part.

4      46.    The exemptions of the FLSA as listed in section 13(a), and as explained

5  by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE

6  CLASS, because their work consists of non-management, production line labor performed with

7  skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

8  specialized intellectual instruction required for exempt learned professional employees such as

9  medical doctors, architects and archeologists.  PLAINTIFF does not hold a bachelor's degree related

10 to finance, has not taken any prolonged course of specialization relating to finance, and has attained

11 the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

12     47.    For an employee to be exempt as a bona fide "executive," all the

13 following criteria must be met and DEFENDANTS have the burden of proving that:

14     (a)    The employee's primary duty must be management of the enterprise, or of a

15            customarily recognized department or subdivision;

16     (b)    The employee must customarily and regularly direct the work of at least two (2) or

17            more other employees;

18     (c)    The employee must have the authority to hire and fire, or to command particularly

19            serious attention to his or his recommendations on such actions affecting other

20            employees; and,

21     (d)    The employee must be primarily engaged in duties which meet the test of exemption.

22 No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

23 requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

24     48.    For an employee to be exempt as a bona fide "administrator," all of the

25 following criteria must be met and DEFENDANTS have the burden of proving that:

26     (a)    The employee must perform office or non-manual work directly related to

27            management or general business operation of the employer or the employer's

28            customers;

19

COMPLAINT

1      (b)    The employee must customarily and regularly exercise discretion and independent

2            judgment with respect to matters of significance; and,

3      (c)    The employee must regularly and directly assist a proprietor or an exempt

4            administrator; or,

5      (d)    The employee must perform under only general supervision, work requiring special

6            training, experience, or knowledge; and,

7      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

8 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

9 the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

10 541.202.  PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary,

11 day to day duties without the requisite amount of discretion and independent judgment needed to

12 qualify for the administrative exemption.

13      49.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

14 members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

15 were also required to perform duties that were primarily for the benefit of the employer during meal

16 periods.

17      50.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

18 of the COLLECTIVE CLASS, minimum wages for all hours worked and overtime compensation for

19 the hours they have worked in excess of the maximum hours permissible by law as required by

20 section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE

21 CLASS, were regularly required to work, and did in fact work, both regular overtime hours.

22      51.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

23 of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing

24 duties primarily for the benefit of the employer during meal periods.

25      52.    For purposes of the Fair Labor Standards Act, the employment practices of

26 DEFENDANTS were and are uniform throughout California in all respects material to the claims

27 asserted in this Complaint.

28      53.    There are no other exemptions applicable to PLAINTIFF and/or to members of the

1  COLLECTIVE CLASS.

2     54.     As a result of DEFENDANTS' failure to pay minimum wages and overtime

3  compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the

4  COLLECTIVE CLASS were damaged in an amount to be proved at trial.

5     55.     PLAINTIFF, therefore, demands that he and the members of the COLLECTIVE

6  CLASS be paid minimum wages as required by the FLSA for every hour worked in any work week

7  for which they were not compensated,  overtime compensation as required by the FLSA for every

8  hour of overtime worked in any work week for which they were not compensated, straight wages for

9  every hour worked primarily for the benefit of DEFENDANTS during meal breaks for which they

10  were not compensated, plus interest and attorneys' fees as provided by law.

11

12                  **SECOND CAUSE OF ACTION**

13        **For Failure To Pay Earned Wages and Overtime Compensation**

14        **[Cal. Lab. Code §§ 204, 210, 218, 510, 1194, 1197 and 1198]**

15        **(By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)**

16

17     56.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of this

18  Complaint.

19     57.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as

20  follows: "all wages... ...earned by any person in any employment are due and payable twice during

21  each calendar month, on days designated in advance by the employer as the regular paydays." Cal.

22  Lab. Code § 510 further provides that employees in California shall not be employed more than

23  eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive

24  workday of a workweek unless they receive additional compensation beyond their regular wages in

25  amounts specified by law.

26     58.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

27  is entitled to one day's rest therefrom in seven."

28     59.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

21

COMPLAINT

work more than six days in seven."

60.    Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61.    Cal. Lab. Code § 1197 states the requirement that a minimum wage be paid and provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

62.    Cal. Lab. Code § 1198 provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

63.    DEFENDANTS have intentionally and uniformly designated certain employees as "exempt" from receiving wages for all hours worked and from receiving certain other rights, by their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of regular and overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

64.    Only employees whose primary job duties meet the test of exemption as a(n) "executive," "administrator," "professional," or as an "outside salesperson" may be exempt from the provisions of the Wage Order that require the payment of minimum wage and overtime.  The

1   primary job duties of the PLAINTIFF and the members of the CALIFORNIA CLASS would not

2   qualify these employees to meet either of these exemptions.

3       65.    For an employee to be exempt as a bona fide "executive," all the following criteria

4   must be met and DEFENDANTS have the burden of proving that:

5       (a)    The employee's primary duty must be management of the enterprise, or of a

6              customarily recognized department or subdivision; and,

7       (b)    The employee must customarily and regularly direct the work of at least two (2) or

8              more other employees; and,

9       (c)    The employee must have the authority to hire and fire, or to command particularly

10             serious attention to his or his recommendations on such actions affecting other

11             employees; and,

12      (d)    The employee must customarily and regularly exercise discretion and independent

13             judgment; and,

14      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

15  No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the

16  requirements of being an "executive" within the meaning of Order No. 4-2001.

17      66.    For an employee to be exempt as a bona fide "administrator," all of the following

18  criteria must be met and DEFENDANTS have the burden of proving that:

19      (a)    The employee must perform office or non-manual work directly related to

20             management policies or general business operation of the employer; and,

21      (b)    The employee must customarily and regularly exercise discretion and independent

22             judgment; and,

23      (c)    The employee must regularly and directly assist a proprietor or an exempt

24             administrator; or,

25      (d)    The employee must perform, under only general supervision, work requiring special

26             training, experience, or knowledge, or,

27      (e)    The employee must execute special assignments and tasks under only general

28             supervision; and,

1    (f)    The employee must be primarily engaged in duties which meet the test of exemption.

2  No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

3  the requirements for being an "administrator" under Order No. 4-2001.

4    67.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the

5  requirements which must be complied with to place an employee in the "professional" exempt

6  category. For an employee to be exempt as a bona fide professional, all the following criteria must

7  be met:

8    (a)    The employee must primarily perform work that is intellectual or creative and

9            that requires the exercise of discretion and independent judgment.

10    (b)    The employee must be licensed of certified by the state of California and is

11            primarily engaged in the practice of one of the following recognized

12            professions: law, medicine, dentistry, optometry, architecture, engineering,

13            teaching or accounting.

14  No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

15  the requirements for being an "professional" under Order No. 4-2001.

16    68.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

17  definition of an exempt executive, administrative, or professional employee because:

18            (a) Less than fifty percent (50%) of their work hours are spent on managerial or

19            administrative (exempt) duties;

20            (b) More than fifty percent (50%) of their work hours are spent performing non

21            exempt duties, including but not limited to answering telephones, filling out pre-

22            printed forms and following strict and exacting procedures;

23            (c) They do not have the discretion or independent judgment, in that they must follow

24            exacting and comprehensive company-wide policies and procedures which dictate

25            every aspect of their work day;

26            (d) They do not have the authority to hire and/or fire other personnel; and,

27            (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not earn a

28            monthly salary equivalent to two (2) times the state minimum wage for full-time

1    employment.

2    69.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not outside

3    salespersons within the meaning of the Wage Order because they did not and do not customarily and

4    regularly work more than half their working time away from the employer's place of business

5    selling tangible or intangible items or obtaining orders or contracts for products, services or use of

6    facilities.

7    70.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not qualified

8    for exemption from overtime by virtue of receipt of payment of commissions, under subsection (D)

9    of Section 3 of the Wage Order, because the earnings of PLAINTIFF and the other members of the

10    CLASS did not exceed one and one-half (1 ½) times the minimum wage and/or less than half the

11    employee's compensation represents "commissions."

12    71.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA

13    CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week

14    and/or on the seventh (7th) consecutive day of a workweek.

15    72.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

16    of the CALIFORNIA CLASS, at least minimum wage for all hours they have worked and overtime

17    compensation for the hours they worked in excess of the maximum hours permissible by law as

18    required by Cal. Lab. Code §§ 510 and 1198, et seq. and the Wage Order, even though PLAINTIFF,

19    and the other members of the CALIFORNIA CLASS, were regularly worked regular hours at

20    DEFENDANTS' offices, and did in fact work overtime hours for DEFENDANTS.

21    73.    By virtue of DEFENDANTS' unlawful failure to pay additional

22    compensation to the PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their

23    regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS,

24    have suffered, and will continue to suffer, an economic injury in amounts which are presently

25    unknown to them and which will be ascertained according to proof at trial.

26    74.    DEFENDANTS knew or should have known that PLAINTIFF, and the other

27    members of the CALIFORNIA CLASS, were misclassified as exempt from wages and

28    DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance,

1  not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

2  There is no basis for DEFENDANTS' failure to pay minimum wages to loan officers.

3      75.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS,

4  request recovery of regular and overtime compensation according to proof, interest, attorney's fees

5  and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any

6  statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other

7  statutes.  Further, PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to

8  seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

9      76.    In performing the acts and practices herein alleged in violation of labor laws and

10  refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and

11  continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the

12  other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal

13  rights, or the consequences to them, and with the despicable intent of depriving them of their

14  property and legal rights and otherwise causing them injury in order to increase corporate profits at

15  the expense of PLAINTIFF and the members of the Class.

16

17                         **THIRD CAUSE OF ACTION**

18                      **For Failure to Pay Wages When Due**

19                         **[ Cal. Lab. Code § 203]**

20      **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

21      77.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

22  incorporate by reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

23      78.    Cal. Lab. Code § 200 provides that:

24          As used in this article:

25          (a) "Wages" includes all amounts for labor performed by employees of every

26          description, whether the amount is fixed or ascertained by the standard of time, task,

27          piece, commission basis, or other method of calculation.

28          (b) "Labor" includes labor, work, or service whether rendered or performed under

1    contract, subcontract, partnership, station plan, or other agreement if the labor to be

2    paid for is performed personally by the person demanding payment.

3    79.    Cal. Lab. Code § 202 provides, in relevant part, that:

4    If an employee not having a written contract for a definite period quits his or her

5    employment, his or her wages shall become due and payable not later than 72 hours

6    thereafter, unless the employee has given 72 hours previous notice of his or her

7    intention to quit, in which case the employee is entitled to his or her wages at the

8    time of quitting. Notwithstanding any other provision of law, an employee who quits

9    without providing a 72-hour notice shall be entitled to receive payment by mail if he

10    or she so requests and designates a mailing address. The date of the mailing shall

11    constitute the date of payment for purposes of the requirement to provide payment

12    within 72 hours of the notice of quitting.

13    80.    Cal. Lab. Code § 203 provides:

14    If an employer willfully fails to pay, without abatement or reduction, in accordance

15    with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

16    discharged or who quits, the wages of the employee shall continue as a penalty from

17    the due date thereof at the same rate until paid or until an action therefor is

18    commenced; but the wages shall not continue for more than 30 days.

19    81.    Many of the CALIFORNIA CLASS members, including the PLAINTIFF, have

20    terminated their employment and DEFENDANTS have not tendered payment of wages owed.

21    82.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members

22    of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not paying all

23    wages due at time of termination for all employees who terminated employment during the

24    CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus

25    interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

26

27

28

1

2                        **FOURTH CAUSE OF ACTION**

3                **For Failure to Provide Accurate Itemized Statements**

4                              **[Cal. Lab. Code § 226]**

5        **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

6        83.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

7   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 82 of this

8   Complaint.

9        84.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

10  "accurate itemized statement in writing showing:

11       (1) gross wages earned,

12       (2) total hours worked by the employee, except for any employee whose compensation is

13       solely based on a salary and who is exempt from payment of overtime under subdivision (a)

14       of Section 515 or any applicable order of the Industrial Welfare Commission,

15       (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

16       on a piece-rate basis,

17       (4) all deductions, provided that all deductions made on written orders of the employee may

18       be aggregated and shown as one item,

19       (5) net wages earned,

20       (6) the inclusive dates of the period for which the employee is paid,

21       (7) the name of the employee and his or her social security number, except that by January 1,

22       2008, only the last four digits of his or her social security number or an employee

23       identification number other than a social security number may be shown on the itemized

24       statement,

25       (8) the name and address of the legal entity that is the employer, and

26       (9) all applicable hourly rates in effect during the pay period and the corresponding number

27       of hours worked at each hourly rate by the employee."

28       85.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

1  in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

2  PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

3  pay and the effective overtime rates of pay.

4      86.    Both the Wage Order at Section 7 and California Code of Regulations § 11040(7)

5  further require that every employer to do the following:

6          Every employer shall keep accurate information with respect to each employee

7          including the following:

8          (1) Full name, home address, occupation and social security number.

9          (2) Birth date, if under 18 years, and designation as a minor.

10         (3) Time records showing when the employee begins and ends each work period. Meal

11         periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods

12         during which operations cease and authorized rest periods need not be recorded.

13         (4) Total wages paid each payroll period, including value of board, lodging, or other

14         compensation actually furnished to the employee.

15         (5) Total hours worked in the payroll period and applicable rates of pay. This information

16         shall be made readily available to the employee upon reasonable request.

17         (6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the

18         incentive plan formula shall be provided to employees. An accurate production record shall

19         be maintained by the employer.

20     87.    At all times relevant herein, DEFENDANTS violated Section 7 of the Wage Order

21  and California Code of Regulations § 11040(7) in that DEFENDANTS failed to properly and

22  accurately maintain information of the PLAINTIFF and other members of the CALIFORNIA

23  CLASS, consisting of time records showing when the employee begins and ends each work period

24  and the total hours worked in the payroll period with applicable rates of pay.  Further,

25  DEFENDANTS failed to make such information available to employees.

26     88.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code §§

27  226, Section 7 of the Wage Order, and California Code of Regulations § 11040(7), causing

28  economic injury to PLAINTIFF, and the other members of the CALIFORNIA CLASS.  These

1  damages include, but are not limited to, costs expended calculating the true hours worked and the

2  amount of employment taxes which were not properly paid to state and federal tax authorities.

3  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the

4  CLASS are entitled to recover liquidated damages of $50.00 for the initial pay period in which the

5  violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code

6  § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for

7  PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus reasonable

8  attorney's fees and costs pursuant to Labor Code § 226(g).

9

10  **FIFTH CAUSE OF ACTION**

11  **For Failure to Provide Meal and/or Rest Periods**

12  **[Cal. Lab. Code §§ 226.7 and 512]**

13  **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

14      89.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

15  incorporate by reference, as though fully set forth herein, paragraphs 1 through 88 of this Complaint.

16      90.     Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

17  employee for a work period of more than five hours per day without providing the employee with a

18  meal period of not less than 30 minutes, except that if the total work period per day of the employee

19  is no more than six hours, the meal period may be waived by mutual consent of both the employer

20  and employee. An employer may not employ an employee for a work period of more than 10 hours

21  per day without providing the employee with a second meal period of not less than 30 minutes,

22  except that if the total hours worked is no more than 12 hours, the second meal period may be

23  waived by mutual consent of the employer and the employee only if the first meal period was not

24  waived."

25      91.     Section 11 of the Order 4-2001 of the Industrial Wage Commission (the "Wage

26  Order") provides, in relevant part:

27      Meal Periods:

28          (A)    No employer shall employ any person for a work period of more than five (5)

30
COMPLAINT

hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

92.     Section 12 of the Order 4-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Rest Periods:

(A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

93.     Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

1          (b) If an employer fails to provide an employee a meal period or rest period in

2          accordance with an applicable order of the Industrial Welfare Commission, the

3          employer shall pay the employee one additional hour of pay at the employee's regular

4          rate of compensation for each work day that the meal or rest period is not provided.

5        94.    DEFENDANTS have intentionally and improperly failed to provide all rest and/or

6    meal periods without any work or duties to PLAINTIFF and the other members of the

7    CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

8    failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

9        95.    Therefore, PLAINTIFF demands on behalf of himself and the members of the

10    CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

11    provided for each four (4) hours of work during the period commencing on the date that is within

12    four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

13    work in which a meal period was not provided.

14

15    **SIXTH CAUSE OF ACTION**

16    **For Failure to Indemnify**

17    **[Cal. Lab. Code § 2802]**

18    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

19        96.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

20    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 95 of this

21    Complaint.

22        97.    Cal. Lab. Code § 2802 provides, in relevant part, that:

23          An employer shall indemnify his or her employee for all necessary expenditures or

24          losses incurred by the employee in direct consequence of the discharge of his or her

25          duties, or of his or her obedience to the directions of the employer, even though

26          unlawful, unless the employee, at the time of obeying the directions, believed them to

27          be unlawful.

28        98.    At all relevant times herein, DEFENDANTS have violated Cal. Lab. Code § 2802,

1    by failing to indemnify and reimburse PLAINTIFF, and all the members of the CALIFORNIA

2    CLASS for all expenditures or losses incurred in direct consequence of the discharge of

3    PLAINTIFF'S duties.  In particular, DEFENDANTS required PLAINTIFF and the other members

4    of the CALIFORNIA CLASS to utilize a cell-phone and their automobile in order to perform and

5    fully discharge the duties imposed by DEFENDANTS.  Subscription to a cell-phone provider and

6    the use of an automobile by PLAINTIFF and the members of the CALIFORNIA CLASS were

7    necessary to meet with realtors, attend meetings and make necessary telephones calls.  Although the

8    cell-phone subscription and the use of the automobile were necessary expenditures incurred by

9    PLAINTIFF and the members of the CALIFORNIA CLASS, DEFENDANTS failed to indemnify

10   and reimburse as an employer is required to do under the laws and regulations of California

11            99.     Thus, PLAINTIFF and the members of the CALIFORNIA CLASS were forced to

12   contribute to the expenses of the DEFENDANTS' business, which expenses must be refunded by

13   DEFENDANTS to each member of the CALIFORNIA CLASS.

14            100.    Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment

15   rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to

16   collect reimbursement.

17            101.    PLAINTIFF, therefore, demands reimbursement for expenditures or losses incurred

18   by him and the members of the CALIFORNIA CLASS in direct consequence of the discharge of

19   their duties, or their obedience to the directions of the DEFENDANTS with interest at the statutory

20   rate and attorneys' fees.

21

22                              **SEVENTH CAUSE OF ACTION**

23                              **For Unlawful Business Practices**

24                         **[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

25             **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

26            102.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 101 of this

28   Complaint.

1    103.    DEFENDANTS are "persons" as that term is defined under California Business &

2  Professions Code § 17021.

3    104.    California Business & Professions Code § 17200 defines unfair competition as any

4  unlawful, unfair, or fraudulent business act or practice.

5    105.    By the conduct alleged hereinabove in the First through Sixth Claims for Relief,

6  DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus. & Prof.

7  Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief, pursuant to

8  Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken

9  without proper compensation.

10    106.    By and through the unfair and unlawful business practices described hereinabove,

11  DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and

12  the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed

13  by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to

14  unfairly compete.

15    107.    All the acts described herein as violations of, among other things, the Cal. Lab. Code,

16  California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful

17  and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby

18  constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200

19  *et seq.*

20    108.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

21  entitled to, and do, seek a declaration that the above described business practices are unfair and

22  unlawful and that an injunctive relief should be issued restraining DEFENDANTS from engaging in

23  any of these unfair and unlawful business practices in the future.

24    109.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain,

25  speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of

26  DEFENDANTS.  Further, the practices herein alleged presently continue to occur unabated.  As a

27  result of the unfair and unlawful business practices described above, PLAINTIFF, and the other

28  members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm

1  unless DEFENDANTS are restrained from continuing to engage in these unfair and unlawful

2  business practices. In addition, DEFENDANTS should be required to disgorge the unpaid moneys

3  to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

4

5  ## **PRAYER**

6  WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

7  as follows:

8  A)    Compensatory damages, according to proof at trial due PLAINTIFF and the other

9  members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

10  applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

11  plus interest thereon at the statutory rate;

12  B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the

13  CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

14  interest thereon at the statutory rate;

15  C)    One (1) hour of pay for each workday in which a meal period was not provided to

16  PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

17  of work during the period commencing on the date that is within four years prior to

18  the filing of this Complaint;

19  D)    An order temporarily, preliminarily and permanently enjoining and restraining

20  DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

21  E)    An order requiring DEFENDANTS to provide an accounting of all hours worked, all

22  wages, and all sums unlawfuly withheld from compensation due to PLAINTIFF and

23  the other members of the COLLECTIVE and CALIFORNIA CLASSES;

24  F)    Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

25  of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

26  CALIFORNIA CLASSES;

27  G)    An award of interest, including prejudgment interest at the legal rate;

28  H)    An award of statutory damages, including reasonable attorneys' fees and cost of suit;

I)    An award of penalties as available under the law; and,

J)    Such other and further relief as the Court deems just and proper.

Dated:   May 21 2008

BLUMENTHAL & NORDREHAUG

By: _____
    Norman B. Blumenthal
    Attorneys for Plaintiff


UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

COMPLAINT

1

2                        **DEMAND FOR JURY TRIAL**

3            Plaintiff demands a jury trial on issues triable to a jury.

4

5    Dated: May 21, 2008                    BLUMENTHAL & NORDREHAUG

6

7                                           By
                                               Norman B. Blumenthal
8                                              Attorneys for Plaintiff

9
                                           UNITED EMPLOYEES LAW GROUP
10                                          Walter Haines, Esq.
                                            65 Pine Ave, #312
11                                          Long Beach, CA 90802
                                            Telephone: (562) 256-1047
12                                          Facsimile: (562) 256-1006

13

14

15

16

17

18

19
     G:\D\NBB\Sones v. Downey\p-complaint-FINAL.wpd
20

21

22

23

24

25

26

27

28

                          COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN SONES, on behalf of himself, and on behalf of all persons similarly situated, Plaintiffs,

**DEFENDANTS** FILED

DOWNEY SAVINGS AND LOAN ASSN., F.A.; and Does 1 to 10, Defendants 08 MAY 28 PM 4: 37

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'08 CV 0945 J RBB
DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla, California 92037, 858.551.1223

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 U.S.C. 201

Brief description of cause:  Unpaid wages and overtime

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE                    DOCKET NUMBER

DATE  5/27/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 151330    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

RB 05/28/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151330      -- MB
* * C O P Y * *
May 28, 2008
16:33:44

Civ Fil Non-Pris
USAO #.: 08CV0945
Judge..: NAPOLEON A JONES, JR
Amount.:
                        $350.00 CK
Check#.: BC11399

Total-> $350.00

FROM: JOHN SONES VS
        DOWNEY SAVINGS & LOAN